BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
Michael Vatis
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel.: 646.593.7050
mvatis@beneschlaw.com

Attorney for Plaintiff
Vinci Brands LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCI BRANDS LLC,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>COACH SERVICES, INC., KATE SPADE, LLC, and TAPESTRY, INC.<br><br>　　　　　　　Defendants. | Civil Action No. 1:23-cv-5138<br><br>Complaint<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Vinci Brands LLC ("Plaintiff" or "Vinci"), by its attorneys, Benesch Friedlander Coplan & Aronoff, for its Complaint against Defendant Coach Services, Inc. ("Coach Services"), Kate Spade, LLC ("Kate Spade), and Tapestry, Inc. ("Tapestry") (Coach Services, Kate Spade, and Tapestry are collectively referred to as "Defendants"), alleges as follows:

## NATURE OF ACTION

1.　　This is an action for damages and temporary, preliminary, and permanent injunctive relief against Defendants for breach of their obligations under a License Agreement.

## PARTIES

2.　　Vinci is a Limited Liability Company organized under the laws of the State of Delaware, and has two members, Steve Latkovic, an individual domiciled in Ohio, and Glenn

Pollack, an individual domiciled in Florida.

3. Upon information and belief, Coach Services is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

4. Upon information and belief, Kate Spade is a Limited Liability Company organized under the laws of the State of Delaware whose sole member is Coach Services.

5. Upon information and belief, Tapestry is a Corporation organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. This Court has personal jurisdiction over Defendants under N.Y. CPLR 301 and 302 as, upon information and belief, they are residents of New York, regularly transact business in New York, and breached the contract at issue in New York.  In addition, Defendants are bound to Paragraph 21.3 of the License Agreement and, as such, submitted themselves to the personal jurisdiction of this Court.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**FACTS**

**A. The License Agreement and Amendments Thereto**

9. On or about April 25, 2014, Incipio Technologies, Inc. ("Incipio") and Kate Spade, entered into a License Agreement.[1]

10. Pursuant to the License Agreement, Kate Spade, the Licensor, granted to Incipio, the Licensee, and the Licensee accepted, a license to "use the Licensed Marks in the Territory as a trademark(s) in connection with the manufacture, advertising, merchandising, promotion, sale and distribution of Approved Licensed Merchandise to Approved Customers."  License Agreement, § 2.1(a).

11. The parties' obligations under the License Agreement commenced on the Effective Date of the License Agreement, April 15, 2014, and continued through the Initial Term of the Agreement, December 31, 2016.  License Agreement, § 3.1(a) and Schedule 3.1 thereto.

12. The License Agreement provided Incipio, the Licensee, the option to extend the Initial Term by additional renewal terms so long as all terms and conditions of renewal were satisfied.  License Agreement, § 3.1(b) and Schedule 3.1 thereto.

13. In the event either party to the License Agreement considered the termination or expiration of the License Agreement, each party "agreed that any announcement to the public or trade of the termination or expiration of this Agreement will be made only at a time, and by a joint statement mutually agreed upon by the parties."  License Agreement, § 3.2.

14. Each party to the License Agreement acknowledged that the other party would suffer great and irreparable harm as a result of the breach of any covenant or agreement to be

---

[1] The License Agreement contains a broad confidentiality clause that arguably probits the disclosure of the License Agreement and any amendments thereto.  Accordingly, Plaintiff does not attach the License Agreement or any of the relevant Amendments thereto and will file a Motion for Leave to File Exhibits to Complaint under Seal in short order.

3

performed or observed under the License Agreement and thus acknowledged that the non-breaching party would be entitled to apply for and receive from any court of competent jurisdiction a temporary restraining order, preliminary injunction, or permanent injunction, enjoining the breaching party from further breach of the License Agreement.  License Agreement, § 16.1.

15. The License Agreement contains a forum selection clause, through which the parties agreed "that the State and Federal courts sitting in the State, County, and City of New York have exclusive jurisdiction in any action arising out of or connected in any way with the [License Agreement]." License Agreement, § 21.3.  To that end, each party to the License Agreement consented to personal jurisdiction of and venue in the State and Federal courts sitting in the State, County, and City of New York.  *Id.*

16. Over the course of several years, the parties to the License Agreement entered into several Amendments to the License Agreement.

17. On or about January 13, 2016, the Licensee (Incipio) and Kate Spade executed a Consent to Assignment and Amendment of License Agreements ("Consent to Assignment"), through which (a) the Licensee (Incipio) assigned all of its rights and obligations under the License Agreement (and any Amendments thereto) to Incipio, LLC, and (b) Kate Spade consented to the assignment.

18. On or about November 13, 2019, Incipio, LLC and Defendant Coach Services entered into a Fourth Amendment to the License Agreement.  As set forth in the Fourth Amendment, Coach Services, as of February 2019, claimed it held the exclusive right to use, exploit, and sublicense all trademark rights owned by Kate Spade including, without limitation, the Licensed Marks subject to the License Agreement.

19. On or about August 6, 2021, Vinci entered into a Sale Agreement with Incipio, LLC whereby Incipio, LLC transferred and assigned, and Vinci accepted and assumed, the License Agreements and all amendments thereto.

20. In 2021, Vinci and Coach Services (for the benefit of the Kate Spade New York brand) entered into a Consent Agreement whereby Coach Services acknowledged and consented to the assignment and assumption of the License Agreement by Vinci. As part of the Consent Agreement, Vinci and Coach Services agreed to execute a Sixth Amendment to the License Agreement. *See* Consent Agreement, § 3.

21. On or about January 1, 2022, Plaintiff and Coach Services (for the benefit of the Kate Spade New York brand) entered into the Sixth Amendment to the License Agreement (the "Sixth Amendment"). As with all prior Amendments to the License Agreement, the Sixth Amendment provided that, except as expressly modified therein, all terms and conditions of the License Agreement are incorporated by reference and remain in full force and effect. Sixth Amendment, § 8.

**B. Defendants Breach their Obligations under the License Agreement**

22. Prior to the termination or expiration of the License Agreement, Defendants announced to the public and/or trade that Defendants had terminated the License Agreement.

23. Defendants specifically acknowledged and confirmed that they had announced to the public and/or trade that Defendants had terminated the License Agreement prior to the termination of the License Agreement.

24. At no time prior to announcing to the public and/or trade that Defendants had terminated the License Agreement did Defendants notify Plaintiff that they would be making any such announcement.

25. At no time prior to announcing to the public and/or trade that Defendants had terminated the License Agreement did Defendants seek out the consent of Plaintiff as to the timing of any such announcement.

26. At no time prior to announcing to the public and/or trade that Defendants had terminated the License Agreement did Defendants seek out the consent of Plaintiff as to a joint statement regarding the termination of the License Agreement.

27. On June 14, 2023, Defendants notified Plaintiff that it was terminating the License Agreement pursuant to Section 3.5(a) of the License Agreement, effective immediately.

28. As a result of Defendants' breaches, Plaintiff has suffered massive reputational harm within the industry and trade, including but not limited to, damage to its customer, distributor and channel partner relationships. In addition, absent injunctive relief, Defendants' breaches will imminently and certainly cause additional reputational harm to Plaintiff, further damaging its customer, distributor and channel partner relationships.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. The License Agreement, including all amendments thereto, is a valid and enforceable contract.

31. Pursuant to the 2021 Consent Agreement, Plaintiff assumed the rights and obligations of the Licensee under the License Agreement, and Defendants acknowledged and consented thereto.

32. Plaintiff has performed all of its material obligations under the License Agreement.

33. Defendants have breached their obligations under Section 3.2 of the License Agreement by announcing to the public and/or trade that it had terminated the License Agreement without seeking the consent of Plaintiff as to timing of such an announcement or to a joint statement making the announcement.

34. As a result of Defendants' aforementioned breaches, Plaintiff has sustained, and will continue to sustain, damages in an amount to be determined at trial but not less than $75,000.00.

35. As a result of Defendants' aforementioned breaches, Plaintiff has suffered, and will continue to suffer, massive irreparable harm within the industry and trade and is thus entitled to obtain temporary, preliminary and permanent injunctive relief enjoining Defendants from continuing to breach Section 3.2 of the License Agreement.

**WHEREFORE**, Plaintiff demands the following relief:

A. That judgment be entered in favor of Plaintiff on all causes of action pleaded herein;

B. That Defendants, together with its agents, servants, partners, affiliates, subsidiaries, employees, attorneys and all others acting in concert or participation with it, or any of them, be temporarily and preliminarily enjoined during the pendency of this action and permanently enjoined thereafter, from breaching Section 3.2 of the License Agreement;

C. That Plaintiff be awarded damages in an amount to be determined at trial, together with pre-judgment and post-judgment interest thereon; and

D. That the Court grant such other and further relief as it shall deem just and proper.

Dated:  June 16, 2023                    Respectfully submitted,

                                                                By:  /s/ Michael Vatis
                                                                     Michael Vatis

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel: 646.593.7050
mvatis@beneschlaw.com

*Attorney for Plaintiff*